UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DEREK MORTLAND, | ) | CASE NO.: _____ |
| | ) | |
| Plaintiff, | ) | JUDGE: _____ |
| | ) | |
| vs. | ) | **COMPLAINT FOR** |
| | ) | **INJUNCTIVE RELIEF:** |
| | ) | |
| SHAMAL LLC, | ) | **1ST CAUSE OF ACTION:** For Denial of |
| | ) | Access by a Public Accommodation in |
| Defendant. | ) | Violation of the Americans with Disability |
| | ) | Act of 1990 ("Title III" and "ADA"), |
| | ) | 42 U.S.C. §§ 12181, *et seq*. |
| | ) | |

Plaintiff Derek Mortland Complains of Defendant Shamal LLC, and alleges as follows:

**INTRODUCTION:**

1.      This is a civil rights action for discrimination against persons with physical disabilities, of which plaintiff is a member of, for failure to remove architectural barriers structural in nature at Defendant's property, a place of public accommodation, thereby discriminatorily denying plaintiff access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof. Plaintiff seeks injunctive relief pursuant to the Americans with Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*

2.      Plaintiff Derek Mortland is a person with physical disabilities who, on or about August 11, 2025, through August 12, 2025, was an invitee, guest, patron, or customer at Defendant's property, which houses a Spark by Hilton Fort Wayne hotel, located at 1005 West Washington Center Road, Fort Wayne, IN 46825. At said time and place, Defendant failed to provide proper legal access to the property, which is a public accommodation and/or public facility. The denial of access was in violation of federal legal requirements, and Mr. Mortland

**COMPLAINT FOR INJUNCTIVE RELIEF - 1**

suffered violations of his civil rights to full and equal access and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3. **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

4. **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district, in the City of Fort Wayne, County of Allen, State of Indiana and that plaintiff's causes of action arose in this district.

**PARTIES:**

5. Plaintiff Derek Mortland is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities." (Hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning.) Mr. Mortland is a "person with physical disabilities," as defined by all applicable United States laws. Mr. Mortland requires the use of a wheelchair to travel about in public. Consequently, Mr. Mortland is a member of that portion of the public whose rights are protected by the Americans with Disabilities Act.

6. Defendant Shamal LLC, an Indiana limited liability company, is the owner and operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, of the building and/or buildings which constitute a public facility in and of itself, occupied by a Spark by Hilton Fort Wayne hotel, a public accommodation, located at/near 1005 West Washington Center Road, Fort Wayne, IN 46825, and subject to the requirements of the Americans with

COMPLAINT FOR INJUNCTIVE RELIEF - 2

Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7.    At all times relevant to this complaint, Defendant is the lessee, or agent of the lessee, and/or lessor, of said premises, and owns and operates the subject Spark by Hilton Fort Wayne hotel as a public facility at/near 1005 West Washington Center Road, Fort Wayne, IN 46825. The business, a Spark by Hilton Fort Wayne hotel, is open to the general public and conducts business therein. The business operating on said premises is a public accommodation.

8.    At all times relevant to this complaint, Defendant is the landlords/lessors, tenants/lessees and the owners and operators of the subject hotel, a public accommodation located at/near 1005 West Washington Center Road, Fort Wayne, IN 46825. As such, Defendant is jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations section 36.201(b), which states in pertinent part:

> **§ 36.201    General**
>
> (b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.
>
> CFR §36.201(b)

9.    Plaintiff does not know the true names of Defendant, its business capacities, its ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of. Plaintiff is informed and believes that the Defendant herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, partner, and associate, or such similar capacity,

**COMPLAINT FOR INJUNCTIVE RELIEF - 3**

of each of the other defendants, if any, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.

**PRELIMINARY FACTUAL ALLEGATIONS:**

10. Defendant is the entity that is a public accommodation that owns, leases (or leases to), or operates, a Spark by Hilton Fort Wayne hotel, located at 1005 West Washington Center Road, Fort Wayne, IN 46825. The Spark by Hilton Fort Wayne hotel and each of its facilities are places "of public accommodation" subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181, *et seq.* On information and belief, said facility has undergone "alterations, structural repairs and additions," each of which has subjected the Spark by Hilton Fort Wayne hotel to handicapped access requirements.

11. Plaintiff Derek Mortland is a person with a disability. Mr. Mortland is a "physically disabled person," as defined by all applicable United States laws. Mr. Mortland is paralyzed and requires the use of a wheelchair for mobility and to travel in public.

12. At all times referred to herein and continuing to the present time, Defendant publicized and held out the Spark by Hilton Fort Wayne hotel as being handicapped accessible and handicapped usable, advertising that they offered mobility accessible guestrooms.

**COMPLAINT FOR INJUNCTIVE RELIEF - 4**

13. For example, on its website, the Spark by Hilton Fort Wayne hotel advertised that the hotel had the following accessible amenities:

   a.  Accessible elevators;

   b.  Accessible exercise facility;

   c.  Accessible guest rooms with mobility features with entry or passage doors that provide 32" of clear width;

   d.  Accessible meeting rooms;

   e.  Accessible parking spaces for cars in the self-parking facility;

   f.  Accessible public entrance;

   g.  Accessible registration desk;

   h.  Accessible route from the accessible public entrance to the accessible guestrooms;

   i.  Accessible route from the accessible public entrance to the registration area;

   j.  Accessible route from the hotel's accessible public entrance to the exercise facilities;

   k.  Audible alerts in elevators;

   l.  Bathroom doors at least 32 inches wide;

   m.  Bedroom doors at least 32 inches wide (812mm);

   n.  Braille elevator;

   o.  Closed captioning on televisions or close captioning decoders;

   p.  Digital alarm clock available with sound and a vibrating pad;

   q.  Digital alarm clock available with sound and strobe light;

   r.  Doorbell w/Audio/Strobe Alert;

   s.  Lowered buttons in elevators;

**COMPLAINT FOR INJUNCTIVE RELIEF - 5**

t.   Lowered emergency evacuation instructions;

u.   Roll-in Shower;

v.   Service Animals welcome;

w.   TTY for guest use;

x.   Van-accessible parking in the self-parking facility;

y.   Visual alarm for hearing impaired;

z.   Visual alarm for hearing impaired in hallways;

aa.  Visual alarm for hearing impaired in public areas.

14. On or about August 11, 2025, through August 12, 2025, Mr. Mortland was an invitee and guest at the subject Spark by Hilton Fort Wayne hotel, arriving for purposes of obtaining lodging.

15. Mr. Mortland required lodging during the night of August 11, 2025, because he had a meeting in Fort Wayne the following day at 8:00 AM.

16. Prior to his arrival, Mr. Mortland reserved a "1 King Accessible Room with Roll-In Shower" for $117.83.

17. Mr. Mortland chose Defendant's Spark by Hilton Fort Wayne hotel because, while searching online for lodging, the Spark by Hilton Fort Wayne hotel held itself out as having mobility accessible guestrooms.

18.  However, upon his arrival, during his patronizing of the public accommodation, and upon his exit of the facility, Mr. Mortland personally encountered architectural barriers which denied him full and equal access to the property.

19. Therefore, at said time and place, Mr. Mortland, who is a person with disabilities, encountered numerous inaccessible elements of the subject Spark by Hilton Fort Wayne hotel

**COMPLAINT FOR INJUNCTIVE RELIEF - 6**

which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities. *By way of example and not as an exhaustive inventory of Defendant's violations*, Mr. Mortland personally encountered the following barriers to access at Defendant's property:

a. The facility violated 2010 ADAS Section 208.2 and 1991 ADAS Section 4.1.2(5)(a) by providing insufficient accessible parking spaces, which limited Mr. Mortland's ability to park close to the entrance, creating significant inconvenience.

b. The leftmost accessible parking space exceeded the maximum running slope allowed under 2010 ADAS Section 502.4 and 1991 ADAS Section 4.6.3, making it unsafe and difficult for Mr. Mortland to maneuver his wheelchair.

c. The third accessible parking space also exceeded the maximum running slope allowed under 2010 ADAS Section 502.4 and 1991 ADAS Section 4.6.3, further hindering Mr. Mortland's ability to safely access the building.

d. The fourth accessible parking space violated 2010 ADAS Section 502.4 and 1991 ADAS Section 4.6.3 due to its excessive slope, creating additional barriers for Mr. Mortland.

e. The access aisles adjacent to the accessible parking spaces violated 2010 ADAS Section 502.4 and 1991 ADAS Section 4.6.3 by exceeding the maximum slope, making it difficult for Mr. Mortland to transfer from his vehicle to his wheelchair.

f. The rightmost access aisle contained abrupt edges and surface irregularities in violation of 2010 ADAS Section 502.4 and 1991 ADAS Section 4.6.2, increasing the risk of tipping or injury for Mr. Mortland.

**COMPLAINT FOR INJUNCTIVE RELIEF - 7**

g.  The rightmost access aisle was not located on an accessible route to the building entrance, violating 2010 ADAS Sections 208.3.1 and 502.3 and 1991 ADAS Section 4.6.3, forcing Mr. Mortland to take a longer, less safe path.

h.  Parked vehicles obstructed the accessible route, violating 2010 ADAS Section 502.7 and 1991 ADAS Section 4.6.3, which reduced the clear width of the route and made it impassable for Mr. Mortland.

i.  The facility violated 1991 ADAS Section 4.1.3(8)(a)(i) by failing to make at least 50% of public entrances accessible, forcing Mr. Mortland to use a single entrance and reducing his convenience and safety.

j.  Less than 60% of public entrances were accessible, violating 2010 ADAS Section 206.4.1, which further restricted Mr. Mortland's options for entering the building.

k.  The northeast corner entrance was not on an accessible route, violating 2010 ADAS Section 206.2.1 and 1991 ADAS Section 4.1.2(1), excluding Mr. Mortland from using this entrance.

l.  The northwest corner entrance was also not on an accessible route, violating 2010 ADAS Section 206.2.1 and 1991 ADAS Section 4.1.2(1), further limiting Mr. Mortland's access to the building.

m.  The south-facing entrance was not on an accessible route, violating 2010 ADAS Section 206.2.1 and 1991 ADAS Section 4.1.2(1), which created additional barriers for Mr. Mortland.

n.  The credit card reader was inaccessible due to its height and obstruction, violating 2010 ADAS Section 308.3.2 and 1991 ADAS Section 4.2.6, making it difficult for Mr. Mortland to complete transactions independently.

**COMPLAINT FOR INJUNCTIVE RELIEF - 8**

o.  The directional signage was noncompliant, violating 2010 ADAS Section 216.3, which made it harder for Mr. Mortland to navigate the facility.

p.  The maneuvering clearance on the pull side of the door was insufficient, violating 2010 ADAS Section 404.2.4.1 and 1991 ADAS Section 4.13.6, making it difficult for Mr. Mortland to open the door.

q.  The knee clearance under the lavatory was inadequate, violating 2010 ADAS Section 306.3.3 and 1991 ADAS Section 4.19.2, restricting Mr. Mortland's access to the sink.

r.  The clear floor space at the soap dispensers was obstructed, violating 2010 ADAS Section 305.3 and 1991 ADAS Section 4.2.4.1, preventing Mr. Mortland from accessing the dispensers.

s.  The soap dispensers were out of reach range, violating 2010 ADAS Section 308.2.2 and 1991 ADAS Section 4.2.5, which hindered Mr. Mortland's ability to use them independently.

t.  The maneuvering clearance at the bathroom door did not meet the required dimensions, violating 2010 ADAS Section 404.2.4.1 and 1991 ADAS Section 4.13.6, restricting Mr. Mortland's access to the bathroom.

u.  The clear floor space at the water closet was insufficient, violating 1991 ADAS Section 4.16.2, making it difficult for Mr. Mortland to transfer to the toilet.

v.  The clear floor space around the toilet was obstructed, violating 2010 ADAS Section 604.3.2, which reduced maneuverability for Mr. Mortland.

w.  The flush handle was located on the wrong side of the toilet, violating 1991 ADAS Section 4.16.5, making it harder for Mr. Mortland to operate.

**COMPLAINT FOR INJUNCTIVE RELIEF - 9**

x.  The flush control was located on the closed side of the toilet, violating 2010 ADAS Section 604.6, further hindering Mr. Mortland's ability to use it.

y.  The toilet centerline was not compliant with the required distance from the side wall, violating 1991 ADAS Section 4.16.2, making transfers more difficult for Mr. Mortland.

z.  The toilet was not within the allowed range from the side wall, violating 2010 ADAS Section 604.2, creating additional barriers for Mr. Mortland.

aa. The toilet seat height was below the required range, violating 2010 ADAS Section 604.4 and 1991 ADAS Section 4.16.3, making transfers more challenging for Mr. Mortland.

bb. The rear grab bar was shorter than required, violating 2010 ADAS Section 604.5.2 and 1991 ADAS Section 4.16.4, reducing support for Mr. Mortland during transfers.

cc. The rear grab bar did not extend adequately on the wide side, violating 2010 ADAS Section 604.5.2 and 1991 ADAS Section 4.17.6, limiting stability for Mr. Mortland.

dd. The rear grab bar was obstructed by a towel rack, violating 2010 ADAS Section 609.3, which reduced its usability for Mr. Mortland.

ee. The towel rack was inaccessible due to a lack of clear floor space, violating 2010 ADAS Section 305.3 and 1991 ADAS Section 4.2.4.1, preventing Mr. Mortland from accessing it.

ff. The shelf was positioned too high for access, violating 2010 ADAS Sections 308.2.1 and 308.3.1, making it unreachable for Mr. Mortland.

gg. The handheld sprayer was mounted above the maximum height, violating 2010 ADAS Section 608.6, preventing Mr. Mortland from using it independently.

hh. The handheld sprayer lacked a non-positive on/off control, violating 2010 ADAS Section 608.6, reducing its usability for Mr. Mortland.

COMPLAINT FOR INJUNCTIVE RELIEF - 10

ii.  The operable parts of the sprayer were out of reach, violating 2010 ADAS Section 205.1 and 1991 ADAS Sections 4.27.1 and 4.27.3, making it inaccessible for Mr. Mortland.

jj.  The coat/towel hooks were mounted too high, violating 2010 ADAS Section 308.2.1 and 1991 ADAS Section 4.2.5, preventing Mr. Mortland from using them.

kk.  The clear space on both sides of the bed was insufficient, violating 2010 ADAS Section 806.2.3 and 1991 ADAS Section 9.2.2(1), limiting maneuverability for Mr. Mortland.

ll.  The clear floor space for the floor lamp was obstructed, violating 2010 ADAS Section 305.3 and 1991 ADAS Section 4.2.4.1, making it inaccessible for Mr. Mortland.

mm.    The iron was out of reach range, violating 2010 ADAS Section 308.2.1 and 1991 ADAS Section 4.2.5, preventing Mr. Mortland from using it.

nn.  The bathroom door required excessive opening force, violating 2010 ADAS Section 404.2.9 and 1991 ADAS Section 4.13.11(2), making it difficult for Mr. Mortland to open.

oo.  Upon information and belief, the facility violated 2010 ADAS Section 224.2 by not providing enough accessible rooms with mobility features, which limited Mr. Mortland's options for staying comfortably and independently.

pp.  Upon information and belief, accessible guest rooms were not dispersed among the various classes of sleeping accommodations, violating 2010 ADAS Section 224.5 and 1991 ADAS Section 9.1.4(1), which reduced the range of options available to Mr. Mortland in terms of room size, cost, and amenities.

qq.  The laundry room door required excessive opening force, violating 2010 ADAS Section 404.2.9 and 1991 ADAS Section 4.13.11(2), making it difficult for Mr. Mortland to access the laundry facilities independently.

**COMPLAINT FOR INJUNCTIVE RELIEF - 11**

rr. The clear floor space at the water closet was insufficient, violating 1991 ADAS Section 4.16.2, which made it difficult for Mr. Mortland to maneuver and transfer to the toilet.

ss. The clearance between the lavatory and the toilet was too narrow, violating 2010 ADAS Section 604.3.2, which restricted Mr. Mortland's ability to use the restroom comfortably.

tt. The rear grab bar was shorter than the required length, violating 2010 ADAS Section 604.5.2 and 1991 ADAS Section 4.16.4, reducing the support available to Mr. Mortland during transfers.

uu. The rear grab bar did not extend adequately past the toilet on the wide side, violating 2010 ADAS Section 604.5.2 and 1991 ADAS Section 4.17.6, limiting stability and safety for Mr. Mortland.

vv. The toilet centerline was not compliant with the required distance from the side wall, violating 1991 ADAS Section 4.16.2, making transfers more difficult for Mr. Mortland.

ww.    The toilet was not within the allowed range from the side wall, violating 2010 ADAS Section 604.2, which created additional barriers for Mr. Mortland.

xx. The water and drain pipes under the lavatory were not insulated, violating 2010 ADAS Section 606.5 and 1991 ADAS Section 4.19.4, exposing Mr. Mortland to potential burns or injuries.

yy. The mirror was mounted higher than 40 inches above the finished floor, violating 1991 ADAS Section 4.19.6, making it inaccessible for Mr. Mortland.

zz. The mirror above the lavatory exceeded the allowable height, violating 2010 ADAS Section 603.3, which prevented Mr. Mortland from using it independently.

**COMPLAINT FOR INJUNCTIVE RELIEF - 12**

aaa.      The fitness room door required excessive opening force, violating 2010 ADAS Section 404.2.9 and 1991 ADAS Section 4.13.11(2), making it difficult for Mr. Mortland to access the room.

bbb.      The climate control was mounted out of reach range, violating 2010 ADAS Section 308.2.1 and 1991 ADAS Section 4.2.5, preventing Mr. Mortland from adjusting the temperature independently.

ccc.      The wipes dispenser was mounted too high, violating 2010 ADAS Section 308.2.1 and 1991 ADAS Section 4.2.5, making it inaccessible for Mr. Mortland.

ddd.      The clear floor space for the free weights was obstructed, violating 2010 ADAS Section 305.3 and 1991 ADAS Section 4.2.4.1, which prevented Mr. Mortland from using the equipment.

eee.      The coffee items and condiments were mounted too high and out of reach range, violating 2010 ADAS Section 308.3.2 and 1991 ADAS Section 4.2.6, which prevented Mr. Mortland from accessing them independently.

fff. There were no accessible dining surfaces, violating 2010 ADAS Section 226.1 and 1991 ADAS Section 5.1, which made it impossible for Mr. Mortland to dine comfortably.

ggg.      The dining surfaces lacked compliant knee and toe clearance, violating 2010 ADAS Section 306.2.1 and 1991 ADAS Section 4.32.3, which restricted Mr. Mortland's ability to use the tables.

hhh.      The knee and toe clearance at the dining surfaces was obstructed by benches, violating 2010 ADAS Section 306.2.1 and 1991 ADAS Section 4.32.3, further preventing Mr. Mortland from dining comfortably.

20. On personal knowledge, information and belief, other public facilities and elements

COMPLAINT FOR INJUNCTIVE RELIEF - 13

too numerous to list were improperly inaccessible for use by persons with physical disabilities.

21. At all times stated herein, the existence of architectural barriers at Defendant's place of public accommodation evidenced "actual notice" of Defendant's intent not to comply with the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, either then, now or in the future.

22. As a legal result of Defendant's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered damages as alleged herein.

23. As a further legal result of the actions and failure to act of Defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, Mr. Mortland was denied his civil rights to full and equal access to public facilities. Mr. Mortland suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered from personal physical injury, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access.

24. On information and belief, construction alterations carried out by Defendant has triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181, *et seq.*

25. Mr. Mortland, as described herein below, seeks injunctive relief to require the Spark by Hilton Fort Wayne hotel to be made accessible to meet the requirements of the Americans with Disabilities Act, so long as Defendant operates and/or leases the Spark by Hilton Fort Wayne hotel as a public facility.

**COMPLAINT FOR INJUNCTIVE RELIEF - 14**

26. On information and belief, Defendant has been negligent in its affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

27. Because of Defendant's violations, Mr. Mortland and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as plead herein. Plaintiff seeks an order from this court compelling Defendant to make the Spark by Hilton Fort Wayne hotel accessible to persons with disabilities.

28. Plaintiff is informed and believes and therefore alleges that Defendant caused the subject property to be constructed, altered and/or maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said facility of the Spark by Hilton Fort Wayne hotel and were denied full and equal use of said public facility. Further, on information and belief, Defendant has continued to maintain and operate said facility in such conditions up to the present time, despite actual and constructive notice to such Defendant that the configuration of the establishment and/or its building(s) are in violation of the civil rights of persons with physical disabilities, such as plaintiff and the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181, *et seq.*

29. On personal knowledge, information and belief, the basis of Defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the Spark by Hilton Fort Wayne hotel was in violation of

**COMPLAINT FOR INJUNCTIVE RELIEF - 15**

the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices Defendant obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by the Defendant, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendant's failure, under state and federal law, to make the establishment accessible is further evidence of Defendant's conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. The scope and means of the knowledge of Defendant are within Defendant's exclusive control and cannot be ascertained except through discovery.

30.     Mr. Mortland will return, and has an intention to return, to the subject Spark by Hilton Fort Wayne hotel to patronize the facility, if it is made fully accessible to a disabled person in a wheelchair, and to also avail himself of the hotel's services. As the hotel is not presently accessible and dangerous for Mr. Mortland, he cannot safely return to Defendant's property.

31. Should the Spark by Hilton Fort Wayne hotel become accessible, Mr. Mortland will visit it again because: (1) he frequently travels to the Fort Wayne, IN area for business and entertainment; (2) and he found the hotel rates amenable for his budget.

32. Furthermore, Mr. Mortland intends, and will, return to the Spark by Hilton Fort Wayne hotel to ascertain whether Defendant removed the barriers to access which are the subject of this litigation.

**COMPLAINT FOR INJUNCTIVE RELIEF - 16**

I.    **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**

33. Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 32 of this complaint.

34. Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

35. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

36. As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities"

**COMPLAINT FOR INJUNCTIVE RELIEF - 17**

(Section 301 42 U.S.C. §12181, *et seq.*). Among the public accommodations identified for

purposes of this title was:

> (7) PUBLIC ACCOMMODATION - The following private
> entities are considered public accommodations for purposes of this
> title, if the operations of such entities affect commerce -
> . . .
> (A) an inn, hotel, motel, or other place of lodging ***;

42  U.S.C. §12181(7)(A).

37. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated

against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

privileges, advantages, or accommodations of any place of public accommodation by any person

who owns, leases, or leases to, or operates a place of public accommodation."

38. The specific prohibitions against discrimination set forth in §302(b)(2)(a),

42 U.S.C. §12182(b)(2)(a) are:

> (i) the imposition or application of eligibility criteria
> that screen out or tend to screen out an individual with a disability
> or any class of individuals with disabilities from fully and equally
> enjoying any goods, services, facilities, privileges, advantages, or
> accommodations, unless such criteria can be shown to be
> necessary for the provision of the goods, services, facilities,
> privileges, advantages, or accommodations being offered;

> (ii) a failure to make reasonable modifications in
> policies, practices, or procedures, when such modifications are
> necessary to afford such goods, services, facilities, privileges,
> advantages or accommodations to individuals with disabilities,
> unless the entity can demonstrate that making such modifications
> would fundamentally alter the nature of such goods, services,
> facilities, privileges, advantages, or accommodations;

> (iii) a failure to take such steps as may be necessary to
> ensure that no individual with a disability is excluded, denied
> services, segregated or otherwise treated differently than other
> individuals because of the absence of auxiliary aids and services,
> unless the entity can demonstrate that taking such steps would
> fundamentally alter the nature of the good, service, facility,

**COMPLAINT FOR INJUNCTIVE RELIEF - 18**

privilege, advantage, or accommodation being offered or would
result in an undue burden;

(iv) a failure to remove architectural barriers, and
communication barriers that are structural in nature, in existing
facilities . . . where such removal is readily achievable; and

(v) where an entity can demonstrate that the removal of
a barrier under clause (iv) is not readily achievable, a failure to
make such goods, services, facilities, privileges, advantages or
accommodations available through alternative methods if such
methods are readily achievable.

39. The acts of Defendant set forth herein were a violation of plaintiff's rights under the
ADA, 42. U.S.C. §§ 12181 *et seq.*

40. The removal of the barriers complained of by plaintiff as hereinabove alleged
was at all times after January 26, 1992 "readily achievable" as to the subject Spark by Hilton
Fort Wayne hotel pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if
the removal of all the barriers complained of herein together was not "readily achievable," the
removal of each individual barrier complained of herein was "readily achievable." On
information and belief, Defendant's failure to remove said barriers was likewise due to
discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-(iii);
42 U.S.C. §12182 (b)(2)(A)(i).

41. Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily
accomplishable and able to be carried out without much difficulty or expense." The statute
defines relative "expense" in part in relation to the total financial resources of the entities
involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that
plaintiff complains of herein were and are "readily achievable" by the Defendant under the
standards set forth under §301(9) of the Americans with Disabilities Act. Further, if it was not
"readily achievable" for Defendant to remove each of such barriers, Defendant has failed to

**COMPLAINT FOR INJUNCTIVE RELIEF - 19**

make the required services available through alternative methods which were readily achievable.

42. On information and belief, construction work on, and modifications of, the subject Spark by Hilton Fort Wayne hotel occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

43. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq*., §308, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302. Plaintiff cannot return to or make use of the public facilities complained of herein so long as the premises and Defendant's policies bar full and equal use by persons with physical disabilities.

44. Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, plaintiff has not returned to Defendant's premises since on or about August 11, 2025 through August 12, 2025, but alleges that Defendant has continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

45. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

**COMPLAINT FOR INJUNCTIVE RELIEF - 20**

the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

**PRAYER:**

Wherefore, Plaintiff Derek Mortland prays that this court grant relief as follows:

**I.  PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

1.  For injunctive relief, compelling Defendant to make the Spark by Hilton Fort Wayne hotel, readily accessible to and usable by individuals with disabilities; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered;

2.  For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

3.  For such other and further relief as the court may deem proper.


Respectfully submitted,

BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

/s/ *COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
495 Portage Lakes Dr.
Akron, OH 44319
O: (330) 253-3337
E: cgm@bmblaw.com

Attorney for Plaintiff Derek Mortland

**COMPLAINT FOR INJUNCTIVE RELIEF - 21**